IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIKE BAKER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>DARK HORSE STEEL, INC., a Utah corp., and SCOT EVANS, aka DANNY SCOT EVANS, and JESSIE EVANS, individuals,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:09-CV-448 TS |

Plaintiffs are the trustees of the Intermountain Ironworkers Pension Plan, the Intermountain Ironworkers Tax Deferral Plan, the Intermountain Ironworkers Health & Welfare Plan, the Ironworkers Joint Apprenticeship & Training Fund, Ironworkers Vacation Fund of Utah, Impact Fund, and the IPAL Fund (collectively the Trusts). The Ironworkers Local Union No. 27 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers (the Union) is also a plaintiff. The Trusts are ERISA[1] qualified

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, et seq.

trusts. Plaintiffs move for summary judgment on their claim for past-due Employee Benefit Plan contributions in the amount of $5,786.46, plus interest, liquidated damages, costs and attorney fees as provided by 29 U.S.C. § 1132(g), and the terms of the parties Compliance Agreement and Payment Agreement, as well as $52,689.13 owed the Trusts based on an audit report of under-reported contributions.

Defendants are the employer, Dark Horse Steel Company, a company contractually liable for the trust payments, and Scot and Jessie Evans, the owners and officers of Dark Horse Steel. Defendants did not file a timely response to the Motion. Defendants did file an untimely letter objection to Plaintiff's proposed summary judgment order. That letter was filed as a pro se response to the Motion.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law . . . When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."[2]

"The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor."[3] "Factual disputes that are irrelevant or unnecessary will not be counted. The substantive law of the case determines which

---

[2] *Koch Indus., Inc. v. United States*, __ F.3d __, 2010 WL 1662481, 3 (10th Cir. April 27, 2010)(quoting Fed. R. Civ. P. 56(c) and *Simms v. Okl. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.1999)).

[3] *Clinger v. N.M. Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1165 (10th Cir. 2000) (quoting *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir.1995))

2

facts are material."[4]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[5]

In the present case, Plaintiffs have met their burden of presenting specific evidence in a factual form that would allow the trier of fact, in this ERISA case the Court, to find in its favor. Among other things, it has submitted the contracts, the audit, and the schedule of payments.

In their untimely Response, Defendants do not dispute any of the facts submitted by Plaintiffs. Instead, they raise only two issues.[6] First, they assert that the Union had provided only unqualified employees, resulting in their decision to use non-Union employees. Second, they assert that the audit involved employees who were non-union and who, therefore, would never seek benefits. The untimely response is not verified or signed under oath.

Even if the Court were to consider the untimely Response, it does not meet their burden of opposing summary judgment for two reasons. First, it does not meet their burden of presenting evidence in "a specific, factual form" sufficient for a jury to return a

---

[4] *United States v. Simons*, 129 F.3d 1386, 1388-89 (10th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 1986)).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 1061 (1970)).

[6] Docket No. 5.

3

verdict in their favor.[7] It is not verified or signed under penalty of perjury. It is conclusory without specifics as to the events. Thus, it does not meet their burden on opposing summary judgment. Second, even if the assertions in the Response were submitted in a form such as an affidavit and contained specific facts rather than generalized assertions, the matters raises are not material because they are not defenses to the claims for the amounts due under ERISA.

ERISA limits the defenses available in an action by Benefit Plans, such as Plaintiffs, to those recognized in 29 U.S.C. § 1145. Thus, the section "creates a federal right of action independent of the contract on which the duty to contribute is based."[8] "The circuits thus generally recognize only two defenses to a collection action: the pension contributions themselves are illegal or the collective bargaining agreement is void and not merely voidable."[9] Thus, any alleged poor performance by the Union-affiliated workers does not provide a defense to an employer from its obligations to pay trust fund contributions under its written agreements so long as the employees' work is covered by those agreements. As Plaintiffs point out, the trust fund contributions are not to be paid to the Union, but to the Trusts, which are independent entities.

Defendants' second argument, that they are being charged for contributions to non-

---

[7] *Clinger*, 215 F.3d at 1165.

[8] *Tr. of Colo. Tile, Marble & Terrazzo Workers Pension Fund v. Wilkinson & Co., Inc.* 1998 WL 43172, 4 (10th Cir. 1998) (quoting *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir.1997)). The Court finds this unpublished case to be persuasive.

[9] *Id*. (footnote omitted).

union employees, would not be material to the Motion. Plaintiffs submitted copies of the Trust Agreements at issue, which expressly require that contributions be made for employees performing covered work and defining employees to include "any person, union or nonunion, in the employment" of a covered employer.[10]

In their Motion, Plaintiffs presented specific factual evidence establishing Defendants' duty to pay, the amounts due, including interest, the amount of incurred attorney fees and costs, the reasonableness of the fees and costs, and the statutory and contractual provisions for the award of such fees and costs. Defendants have submitted nothing challenging that evidence or raising a material issue of fact. The Court finds Plaintiffs have shown that there is no material issue of fact and that they are entitled to judgment as a matter of law in the amount of $74,929.48. It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 3) is GRANTED and judgment shall enter in favor of Plaintiffs and against Defendants in the amount of $74,929.48.

---

[10]Docket No. 6, Ex. A at ¶ 6(a) and Ex. B at ¶ B, at 2(a). See also Docket No. 3 Ex. A (Compliance Agreement acknowledging duty to deduct amounts from "employees' wages").

The Clerk of Court shall close this case forthwith.

DATED   May 27, 2010.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge